# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| Marie Hossfeld, | Civil Action No.: 1:12-cv-00420-SS |
| Plaintiff, | |
| v. | |
| Michael J. Adams P.C., | **FIRST AMENDED COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, Marie Hossfeld, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. This Court has original jurisdiction over Plaintiff's TCPA claims. Mims v. Arrow Fin. Serv., LLC, 132 S. Ct. 740 (2012).

3. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

5. The Plaintiff, Marie Hossfeld ("Plaintiff"), is an adult individual residing in Burnet, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

6. The Defendant, Michael J. Adams P.C. ("Adams"), is a Texas business entity with an address of 300 E Sonterra Boulevard, Suite 1200, San Antonio, Texas 78258-4077, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

7. Does 1-10 (the "Collectors") are individual collectors employed by Adams and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

8. Adams at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.** **The Debt**

9. The Plaintiff allegedly incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

10. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

11. The Debt was purchased, assigned or transferred to Adams for collection, or Adams was employed by the Creditor to collect the Debt.

12. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.** **Adams Engages in Harassment and Abusive Tactics**

13. Within the last year, Adams contacted Plaintiff using an automated telephone dialer system (hereafter "Robocalls").

14. ADT placed up to three (3) Robocalls a week to Plaintiff's cellular phone line (xxx-xxx- 8555) concerning an outstanding balance.

15. Plaintiff never provided her cellular phone number to Adams.

16. Adams left numerous automated voice messages on Plaintiff's cellular phone line stating that Plaintiff had an outstanding balance with Troy Capital LLC and requesting that Plaintiff contact Adams.

17. Around the first week of April, 2012, Plaintiff's husband, Robert Hossfeld, informed Adams that it was violating TCPA by placing Robocalls to Plaintiff and requested that Adams cease such calls.

18. Adams' representative denied having violated the law and continued to place Robocalls to Plaintiff.

19. On May 14, 2012, via Certified Mail, Plaintiff sent Adams a cease and desist letter requesting to cease all communication with Plaintiff. Adams received the request on May 15, 2012, at 11:55am.

20. Nonetheless, on May 16, 2012, Adams placed another Robocall to Plaintiff.

C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

22. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

23.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted the Plaintiff after having received written notification from the Plaintiff to cease communication.

25.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

26.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

27.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

28.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29.     Without prior consent the Defendant contacted the Plaintiff by means of automatic telephone calls or prerecorded messages at a cellular telephone or pager in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

30.     The foregoing acts and omissions of the Defendant violate the Telephone Consumer Protection Act, including every one of the above-cited provisions.

31.     The Plaintiff is entitled to damages as a result of the Defendant's violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Statutory damages of $500.00 for each violation, pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations; and

6. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 23, 2012

                                        Respectfully submitted,

                                        By   /s/ Sergei Lemberg

                                        Sergei Lemberg (SL 6331)
                                        LEMBERG & ASSOCIATES L.L.C.
                                        1100 Summer Street, 3rd Floor
                                        Stamford, CT 06905
                                        Telephone: (203) 653-2250
                                        Facsimile:  (203) 653-3424
                                        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

    I hereby certify that on May 23, 2012, a true and correct copy of the foregoing was filed with the Clerk of the Court through the CM/ECF system (ECF) and that the document is available on ECF.

                                                 By: _/s/ Sergei Lemberg_____
                                                          Sergei Lemberg