**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MARIE HOSSFELD** | § | |
| *Plaintiff* | § | |
| | § | |
| **V.** | § | NO. 1:12-cv-00420-SS |
| | § | |
| **MICHAEL J. ADAMS P.C.** | § | |
| *Defendants* | § | |
| | § | |

**MICHAEL J. ADAMS P.C.'S PARTIAL MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM**

TO THE HONORABLE UNITED STATE DISTRICT JUDGE:

COMES NOW, Defendant Michael J. Adams P.C. ("Defendant") after conferring in good faith with opposing counsel (and for which opposing counsel opposes) and files Motion to Dismiss part of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and respectfully shows unto the Court as follows:

**Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a Complaint, Counterclaim or Crossclaim that fails "to state a claim upon which relief can be granted." In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant. *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Taylor v. Books A*

1

*Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). A formulaic recitation of the elements, because of its conclusory nature, is not entitled to the usual presumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009). A plaintiff must instead plead facts, and those facts "must be enough to raise a right to relief above the speculative level. "*Bell Atlantic v. Twombly,* 127 S. Ct. 1955, 1964–65 (2007). Moreover, a complaint must offer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949.

**Defendant ask the Court to Dismiss Count II of Plaintiff's Complaint**

In the present case, Plaintiff complains of violations of the Telephone Consumer Protection Act 47 U.S.C. § 227, et. Seq.  Plaintiff's TCPA claims fail as a matter of law because the alleged calls are exempt from the TCPA.  The Court should therefore dismiss Plaintiffs TCPA claims in Count II per Fed. R. Civ. P. 12(b)6.

This exact issue was addressed by the United States District Court for the Western District of New Your in *Santino v. NCO Financial Systems, Inc.,* No. 09-CV- 982-JTC, 2011 WL 754874 (W.D.N.Y. Feb. 24, 2011).   In that particular case the Court painstakingly analyzed whether debt collection calls were exempt from the Telephone Consumer Protection Act a follows:

In an effort to address consumer privacy concerns brought about by the "immense" growth of the telemarketing industry, Congress enacted the TCPA in 1991 making it unlawful for any person within the United States to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without prior express consent of the called party, unless the call is initiated for emergency purposes or is exempt by rule or order by the [FCC] . . . ." 47 U.S.C. §

2

227(b)(1)(B); see S. REP. NO. 102-178, P.L. 102-243, at 2 (1991), reprinted in 1991 U.S.C.C.A.N. 1968, 1969-70. The statute further provides that the FCC:

> may, by rule or order, exempt from the requirements of paragraph (1)(B) of this subsection, subject to such conditions as the [FCC] may prescribe--
>
> > (i) calls that are not made for a commercial purpose; and
> >
> > (ii) such classes or categories of calls made for commercial purposes as the [FCC] determines--
> >
> > > (I) will not adversely affect the privacy rights that this section is intended to protect; and
> > >
> > > (II) do not include the transmission of any unsolicited advertisement…

47 U.S.C. § 227(b)(2)(B).

In the exercise of this express authority to create exemptions from the TCPA's requirements, the FCC promulgated rules, codified at Title 47, Part 64, Subpart L, of the Code of Federal Regulations, and has periodically issued rulings to clarify its interpretation of the scope and limitations of the coverage and exemptions. Specifically with respect to the issues presented by this motion, the FCC's rules provide:

> (a) No person or entity may: ...
>
> > (2) Initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call: ...
> >
> > (iii) Is made for a commercial purpose but does not include or introduce an unsolicited advertisement or constitute a telephone solicitation;
> >
> > (iv) Is made to any person with whom the caller has an established business relationship at the time the call is made…

47 C.F.R. § 64.1200(a)(2).

In a Report and Order released on October 16, 1992 (the "1992 FCC Ruling"), the FCC explained at length its efforts "to implement the TCPA in a way that reasonably

accommodates individuals' rights to privacy as well as the legitimate business interests of telemarketers." In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 7 FCC Rcd. 8752, 8754, ¶ 3 (available on Westlaw at 1992 WL 690928 (F.C.C.)). Upon considering comments to its April 1992 Notice of Proposed Rulemaking ("NPRM"), the FCC concluded:

> that an express exemption from the TCPA's prohibitions for debt collection calls is unnecessary because such calls are adequately covered by exemptions we are adopting here for commercial calls which do not transmit an unsolicited advertisement and for established business relationships. As proposed in the NPRM, these exemptions would also apply where a third party places a debt collection call on behalf of the company holding the debt. Whether the call is placed by or on behalf of the creditor, prerecorded debt collection calls would be exempt from the prohibitions on such calls to residences as: (1) calls from a party with whom the consumer has an established business relationship, and (2) commercial calls which do not adversely affect privacy rights and which do not transmit an unsolicited advertisement.

Id. at 8773, ¶ 39.

In two subsequent rulings, the FCC reaffirmed this determination that prerecorded debt collection calls were covered by the exemption set forth at 47 C.F.R. § 64.1200(a)(2)(iii). On August 7, 1995, the FCC released a Memorandum Opinion and Order (the "1995 FCC Ruling") stating as follows:

> As we stated in the [1992 FCC Ruling], prerecorded debt collection calls are adequately covered by exemptions adopted in our rules. Our rules explicitly exempt calls made either by a party with whom the subscriber has an established business relationship or calls that do not transmit an unsolicited advertisement and are made for a commercial purpose. . . . We have specifically noted that prerecorded debt collection calls are exempt from the prohibitions on prerecorded calls to residences as commercial calls which do not transmit an unsolicited advertisement.

In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 10 FCC Rcd. 12391, 12400, ¶ 17 (internal quotation marks and

alterations omitted) (1995 WL 464817 (F.C.C.)). More recently, in a Declaratory Ruling

released on January 4, 2008, the FCC explained:

> The Commission first adopted rules implementing the TCPA in 1992. Under these rules, calls delivering artificial or prerecorded messages to residences were prohibited, absent the express consent of the called party. Exempted from this prohibition were certain categories of calls that the Commission determined did not adversely affect consumers' privacy rights. In the [1992 FCC Ruling], the Commission concluded that an express exemption for debt collection calls to residences was unnecessary as such calls fall within the exemptions adopted for commercial calls which do not transmit an unsolicited advertisement…
>
> In 1995, the Commission released a Memorandum Opinion and Order addressing petitions for reconsideration of the [1992 FCC Ruling]. Among other things, the Commission clarified that . . . prerecorded debt collection calls are exempted from Section 227(b)(1)(B) of the TCPA which prohibits prerecorded or artificial voice messages to residences . . . .
>
> *In the Matter of Rules and Regulations Implementing the Telephone Consumer*

*Protection Act of 1991*, 23 FCC Rcd. 559, 561-62, ¶¶ 4, 5 (2008 WL 65485 (F.C.C.)).

"[W]e agree . . . that calls solely for the purpose of debt collection are not telephone

solicitations and do not constitute telemarketing." Id. at 565, ¶ 11.

In support of her TCPA claims in this action, plaintiff alleges that Michael J.

Adams, PC "attempted to collect the Debt and, as such, engaged in 'communications'…

using an automated telephone dialer system…"[1] In her Complaint, Plaintiff does not

dispute that the prerecorded calls at issue were made for the commercial purpose of

collecting a debt.   To the contrary, Plaintiff relies on such in her claims in Count I

entitled Violations of the FDCPA 15 U.S.C. § 1692, et seq.

## Conclusion

---

[1] *See* Plaintiff's First Amended Complaint paragraph 12 and 13.

Based on the above and foregoing, the conduct on the part of Defendant complained of in this case fits squarely within the exemption provided in 47 C.F.R. § 64.1200(a)(2)(iii), as interpreted by the FCC in the 1992, 1995, and 2008 Rulings described above. Accordingly, plaintiff's TCPA claim is implausible on its face.  As such, Defendant Michael J. Adams, PC respectfully requests the Court to dismiss Count II of Plaintiff first Amended Complaint.

Respectfully submitted,

JACKSON ADAMS, P.C.

By:      /s/ C. Cade Adams
   Texas Bar No. 24031684
   131 McKinney Ave.
   Suite 600
   Dallas, TX 75204
   Toll Free 1.866.497.8980
   Toll Free Fax 1.866.920.3404
   **ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on June 22, 2012, a true and correct copy of the foregoing was served through the court's electronic filing system as follows:

Sergei Lemberg
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Tel. (203) 653-2250
Fax. (203) 653-3424

/s/ C. Cade Adams
C. Cade Adams

7